## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

**DON HANNA**
c/o Murphy, Falcon & Murphy, P.A
1 South Street, Suite 3000
Baltimore, MD 21202

     *Plaintiff*

v.

**PRINCESS ANNE POLICE DEPARTMENT**

    Serve on:    Timothy R. Bozman
                      Chief of Police
                      11780 Beckford Avenue
                      Princess Anne, Maryland 21853

and

**OFFICER CHAD A. SAVAGE,** Individually
11780 Beckford Avenue
Princess Anne, Maryland 21853

and

**SERGEANT ROBERT SMITH**, Individually
11780 Beckford Avenue
Princess Anne, Maryland 21853

     *Defendants*

**Case No.**

_____

**CIVIL ACTION**

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff Don Hanna ("Plaintiff" or "Plaintiff Hanna"), by and through undersigned counsel, hereby files this Complaint against the Princess Anne Police Department ("Defendant PAPD"), PAPD Officer Chad A. Savage ("Defendant Savage"), and PAPD Sergeant Robert Smith ("Defendant Smith") (collectively, "Defendants"), and states as follows:

## INTRODUCTION

1.    This case arises from the unlawful, unconstitutional, and brutal attack on Plaintiff Hanna, and his subsequent wrongful arrest and prosecution that was committed under the watch of Defendant PAPD by Defendants Savage and Smith (collectively "Officer Defendants").

2.    On June 2, 2020, Defendant Savage used excessive and unreasonable force against Plaintiff Hanna when he slammed Plaintiff to the ground directly on his face without legal justification or probable cause.  Defendant Smith then joined Defendant Savage in brutalizing Plaintiff by unlawfully wrestling Plaintiff into submission, unreasonably tasing Plaintiff, wrongfully detaining Plaintiff, and causing him physical, emotional, and psychological injury.



Plaintiff Hanna during his treatment at Shock Trauma

3.      Defendant PAPD caused Officer Defendants to violate Mr. Hanna's civil rights when they, with deliberate indifference, failed to properly train Officer Defendants in the parameters of the 4th Amendment.

4.      As a result of this vicious attack, Plaintiff Hanna suffered and continues to suffer from significant physical, emotional, and psychological pain and suffering, including but not limited to a displaced fracture of his right mandible (jaw bone) including his lower tooth sockets, head trauma, brain nerve damage, loosening of his upper right incisor tooth, malocclusion (misalignment) of his teeth, nerve damage causing numbness to his right lower lip, swelling, bruising, and abrasions to his face, soft tissue damage to his neck and lower back, humiliation, embarrassment, fear for loss of life and liberty, loss of sleep, anxiety, depression, and post-traumatic stress disorder.

## JURISDICTION AND VENUE

5.      This Complaint contains claims arising under the Fourth and Fourteenth Amendments to the U.S. Constitution and asserts claims for relief pursuant to 42 U.S.C. § 1983, claims for relief under Article 24 of the Maryland Declaration of Rights, and claims for relief under Maryland state law. Plaintiff has complied with all requirements as set forth in the Maryland Local Government Torts Claim Act.

6.      Jurisdiction of this Court arises under 28 U.S.C. § 1343 and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the District of Maryland pursuant to 28 U.S.C. § 1391(b) because the events, acts, and omissions complained of herein all occurred within this District.

## PARTIES

8.      At all relevant times, Plaintiff Hanna was and is a resident of the State of Maryland. He is an adult African American male.

9.      At all relevant times, Officer Defendants were sworn police officers employed by Defendant PAPD. As police officers, Officer Defendants act and/or have acted as agents, servants, and/or employees of Defendant PAPD and within the scope of that employment and under color of state law. They are sued in their individual capacities only.

10.      Defendant PAPD is a department of the Town of Princess Anne, a municipal corporation organized under the provisions of Art. XI-A of the Maryland Constitution. At all times relevant hereto, Defendant PAPD, through its final policymakers with final policymaking authority, including but not limited to the Chief of PAPD, agents, servants, and employees, hired, supervised, trained, and employed Officer Defendants and the entire PAPD police force. By virtue of its status as a governmental entity that exercised power delegated by the State of Maryland, Defendant PAPD acted under the color of state law when it hired, trained, supervised, and retained Officer Defendants and its entire police force. Defendant PAPD is a "person" under 42 U.S.C. §1983 and is not immune under the Eleventh Amendment.

11.      At all relevant times each Defendant was acting under color of state law.

## FACTS COMMON TO ALL COUNTS

12.      On June 2, 2020, PAPD officers received a call for service to Plaintiff's residence located at 11547 Church Street in the Town of Princess Anne for a verbal dispute that was occurring between Plaintiff Hanna and his girlfriend Scherrie Wallace.

13.     Officer Defendants, along with other law enforcement officers, responded to Plaintiff's residence. Officer Defendants were specifically advised upon their arrival by Plaintiff and Ms. Wallace that no criminal act had been committed by any person at the location.

14.     To defuse the verbal disagreement between he and Ms. Wallace, Plaintiff Hanna agreed to voluntarily leave his residence for the night.

15.     Plaintiff Hanna began to gather personal items throughout the residence in a trash bag to take with him while being escorted by Defendant Savage. Plaintiff then vacated the residence.

16.     Plaintiff Hanna then requested that the officers ask Ms. Wallace to retrieve his uniform for work from inside the residence because he could not find it in the trash bag of items that he had gathered.

17.     Ms. Wallace attempted to find the uniform but was unsuccessful.

18.     Defendant Savage advised Plaintiff Hanna that Ms. Wallace could not find the uniform.

19.     Plaintiff Hanna then began again to rummage through the trash bag of items that he had gathered while standing just outside of the front door of his residence.

20.     While Plaintiff Hanna searched through the trash bag, Ms. Wallace came to the screen door and made a comment. Plaintiff then tossed a small empty cardboard box towards Ms. Wallace, which glanced off the screen door. The cardboard box did not touch Ms. Wallace, and no objectively reasonable law enforcement officer would have believed that Plaintiff Hanna had placed Ms. Wallace in any apprehension of any unwanted touching of her person.

21.     Suddenly, and without any warning, probable cause, justification or excuse, Defendant Savage forcefully grabbed Plaintiff Hanna's arms from behind and instructed him to place his arms behind his back.

22.     Defendant Savage then viciously slammed Plaintiff Hanna to the ground face first, causing Plaintiff to incur a displaced fracture of his right mandible (jaw bone) including his lower tooth sockets, head trauma, brain nerve damage, loosening of his upper right incisor tooth, malocclusion (misalignment) of his teeth, nerve damage causing numbness to his right lower lip, swelling, bruising, and abrasions to his face, and soft tissue damage to his neck and lower back.

23.     Defendant Smith then joined Defendant Savage by helping Savage unlawfully place Plaintiff Hanna under arrest. During the arrest, Defendant Smith unreasonably and unlawfully used a taser on Plaintiff Hanna's body three times.

24.     Plaintiff Hanna was taken to Peninsula Regional Medical Center to treat his injuries, but the staff at PRMC was unequipped to address the severity of the damage. As a result, Plaintiff Hanna was rushed to University of Maryland Shock Trauma Center in Baltimore, Maryland.

25.     Just after midnight on June 3, 2020, despite the absence of any probable cause to support his actions, Defendant Savage submitted an Application for Statement of Charges to the District Court Commissioner against Plaintiff Hanna, unlawfully charging him with 2nd Degree Assault against Ms. Wallace and Resisting Arrest.

26.     On August 24, 2020, Plaintiff Hanna appeared before the District Court of Maryland for Somerset County to stand trial for the unlawful criminal charges filed against him by Defendant Savage. Plaintiff Hanna pled not guilty to the charges and a contested criminal trial ensued. During the trial, the body camera footage of this incident was presented to the Court.

27.     After the contested criminal trial, Plaintiff Hanna was found not guilty of both of the charges filed by Defendant Savage.

28.     In stating its rationale for finding Mr. Hanna not guilty of the charges filed by Defendant Savage, the District Court of Maryland for Somerset County specifically articulated that it found that there was no "reason for [Defendant Savage] to have taken [Plaintiff Hanna] to the ground." (Transcript *State v. Hanna*, Case No. D-022-CR-000282, pg. 66, ln. 6-7). Moreover, Defendant Smith noted in his post-trial "report disposition" that the Judge "didn't see the assault on the body camera" when it was presented during the trial.

29.     Despite the findings of the District Court, PAPD supervisors ratified Officer Defendants' unconstitutional and unlawful actions by determining in their Use of Force review of this incident that Officer Defendants had acted reasonably in their seizure and arrest of Plaintiff Hanna.

30.     To correct his jaw fracture, Mr. Hanna underwent an open reduction internal mandibular fixation surgery at Shock Trauma, whereby he was placed under local anesthesia by nasotracheal intubation, a 1.5mm fracture plate was attached to his jawbone with five bicortical screws and one monocortical screw, and a 1.0mm tension plate was installed anteriorly with four monocorticol screws, and his jaw was screwed and wired shut.

31.     Upon his discharge from Shock Trauma, Plaintiff Hanna was prescribed a regimen of Oxycodone and 500 milligram Tylenol to attempt to ease his intense pain. Plaintiff was also outfitted with a cervical collar to stabilize his neck. Plaintiff complained of pain ranging from 8 to 10 out of 10, and he was suffering from a constant headache. Plaintiff's medical providers also noted a clinical concern for an associated arterial injury within his neck. Plaintiff's head was dressed in a Barton Wrap for 48 hours. Plaintiff also suffered from mandibular weakness due to

the blunt trauma caused by Defendant Savage. Plaintiff was so shaken by this assault that he required a walker just to move from his bed to the bathroom at Shock Trauma.

32.     Plaintiff Hanna remained in Shock Trauma until June 5, 2020, when he was released to continue his care from home. He was placed on a purely liquid diet for one week and a soft food only diet for the ensuing four weeks.

33.     Despite the best efforts of the Shock Trauma surgeon's, Plaintiff Hanna's jaw is still not fully corrected to this day. Plaintiff still requires follow-up maxillofacial surgery, and he will need prosthetic or replaced teeth due to the fracture of this tooth sockets in the future.

34.     As a result of Defendants' unlawful and unconstitutional actions, Mr. Hanna has incurred tens of thousands of dollars in medical bills related to the care he received to address his injuries, and his expenses continue to mount with follow up treatments.

35.     As a result of Defendants' unlawful and unconstitutional actions, Plaintiff Hanna has developed significant mental health injuries because of this unwarranted attack. Plaintiff has been clinically evaluated and diagnosed with depression, anxiety, and post-traumatic stress disorder because of Defendants' brutal assault and unconstitutional conduct. Plaintiff Hanna will need to take a regimen of prescription medication and engage in psychotherapy for the foreseeable future to properly address his mental health morbidities.

36.     Prior to June 2, 2020, Defendant PAPD was on notice of the plainly obvious need to train its police officers concerning the clear constitutional duties implicated by the 4th Amendment in recurrent situations, such as circumstances involving the de-escalation of a tense yet otherwise lawful verbal dispute between citizens, that the officers were almost certain to face regularly in light of their job duties.

37.     Prior to June 2, 2020, Defendant PAPD had a duty to ensure that its subordinate officers were adequately trained in handling such situations implicating the 4th Amendment rights of the citizen with which they would regularly come into contact to be free from unreasonable police force and unreasonable seizures.

38.     Upon information and belief, including but not limited to the fact that despite whatever training, if any, Defendant PAPD provided to Officer Defendants, Defendants Savage and Smith still summarily deprived Plaintiff Hanna of an obvious constitutional right with no remorse, and including but not limited to the fact that Defendant PAPD ratified Officer Defendants' violations of Plaintiff's obvious constitutional rights by its use of force review, Defendant PAPD's final policymakers failed to institute a proper training program for Officer Defendants, with deliberate indifference to the obvious need for said training, respecting the clear and recurrent circumstances implicating 4th Amendment rights of the citizens of the Town of Princess Anne, including Plaintiff Hanna. Specifically, PAPD failed to adequately train Officer Defendants on how and under what circumstances a law enforcement officer can and cannot use force against, seize, and/or arrest a citizen.

39.     As a proximate result of Defendant PAPD's deliberate indifference to the constitutional rights of its citizens and Plaintiff Hanna, Officer Defendants were caused to violate Plaintiff Hanna's constitutional rights to be free from unreasonable police force and unlawful seizure.

40.     Defendants' unlawful and unconstitutional actions were the proximate cause of Plaintiffs Hanna's injuries, as described *supra*.

## CLAIMS

## COUNT I

**42 U.S.C. §1983**
**Unconstitutional Custom - Failure to Train**
**(*Monell* Claim)**

**(Plaintiff against Defendant PAPD)**

41.    Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

42.    This Count is brought by Plaintiff against all Defendants identified herein, jointly and severally.

43.    Under the Fourth and Fourteenth Amendments to the U.S. Constitution, Defendant PAPD is obligated to train and/or retrain officers in the recognition and handling of the obvious circumstances that implicate citizens' constitutional right to be free from unreasonable police force and unreasonable seizures not supported by probable cause.

44.    At all relevant times, Defendant PAPD, directly and through its officers and agents had an obligation to ensure that its officers, employees, and agents, including Officer Defendants, knew how to properly exercise the same degree of care that a reasonable and prudent law enforcement officer would exercise in the recognition and handling of circumstances that implicate citizens' constitutional right to be free from unreasonable police force and unreasonable seizures not supported by probable cause.

45.    As identified *supra*, the training required of Defendant PAPD regarding the handling of circumstances that implicate citizens' constitutional right to be free from unreasonable police force and unreasonable seizures was inadequate, insufficient, or nonexistent, and Defendant PAPD, directly and through its employees, agents and officers, failed with deliberate indifference

10

to the civil rights of its citizens, to exercise the requisite degree of care in the training and supervision of Officer Defendants.

46.     It was readily foreseeable and highly predictable that failing to properly train Officer Defendants in the proper handling of circumstances that implicate citizens' constitutional right to be free from unreasonable police force and unreasonable seizures would, and in fact did, result in the violation of Plaintiff Hanna's Constitutional rights as alleged herein, and Defendant PAPD was deliberately indifferent to same.

47.     As alleged herein, the actions by all named Defendants were unreasonable, excessive, absent any lawful justification and/or excuse, and was a direct result of Defendant PAPD's failure to adequately train and/or re-train Officer Defendants to properly and lawfully deal with the same. Defendant PAPD's failure to properly train and/or re-train Officer Defendants was tantamount to deliberate indifference.

48.     Defendant PAPD was aware, and should have foreseen, that Officer Defendants would routinely confront situations as those that were presented to them on June 2, 2020 based on the nature of Officer Defendants sworn duties as law enforcement officers.

49.     As a direct and proximate result of Defendant PAPD's deliberate indifference identified herein, Plaintiff sustained physical, emotional, mental, and financial injuries, including, but not limited to, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, and other expenses. Plaintiff's liberty was deprived without the judgment of his peers or by the law of the land.

50.     Defendants' actions or omissions as described herein were intentional, wanton, willful, and constituted a blatant and reckless disregard for Plaintiff's Constitutionally protected rights, and, as such, Plaintiff is entitled to compensatory damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor, and against Defendants, jointly and severally, in an amount in excess of $1,000,000.00 in compensatory damages, plus costs and interest, and any other such relief that this Court deems proper.

## COUNT II

**42 U.S.C. §1983**
**Excessive Force**

**(Plaintiff against Officer Defendants)**

51.     Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

52.     This Count is brought by Plaintiff against all Defendants identified herein, jointly and severally.

53.     The Officer Defendants are sued in their individual capacities.

54.     At all times relevant to this Complaint, Officer Defendants were acting under the color of state law as an officer employed by Defendant PAPD.

55.     Under the Fourth and Fourteenth Amendments to the U.S. Constitution, Officer Defendants were prohibited from using objectively unreasonable police force against Plaintiff.

56.     The actions of Officer Defendants, as detailed herein, constitutes excessive and unlawful force in gross violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the U.S. Constitution and the guarantees set forth in 42 U.S.C. §1983.

57.     Officer Defendants' actions, include, but are not limited to, assaulting Plaintiff Hanna, throwing him to the ground on his face breaking his jaw bone, restraining him on the ground, tasing him, and arresting him without probable cause.

58.     The force used by Officer Defendants was intentional, excessive, objectively unreasonable, absent any lawful justification or excuse, unconstitutional, and unlawful force in the restraint and/or apprehension of Plaintiff Hanna.

59.     Officer Defendants' actions or omissions as described herein, were intentional, wanton, willful, malicious, and a blatant and reckless disregard for Plaintiffs' Constitutionally protected rights, and, as such, Plaintiff is entitled to compensatory and punitive damages from Officer Defendants individually.

60.     As a direct and proximate result of Officer Defendants' actions or omissions identified herein, Plaintiff Hanna sustained physical, emotional, mental, and financial injuries, including, but not limited to, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, and other expenses. Plaintiffs' liberty was deprived without the judgment of his peers or by the law of the land.

**WHEREFORE**, Plaintiffs request that this Court enter judgment in their favor, and against Defendants, jointly and severally, in an amount in excess of $1,000,000.00 in compensatory damages, plus costs and interest, punitive damages, and any other such relief that this Court deems proper.

**COUNT III**

**42 U.S.C. §1983**
**False Arrest / False Imprisonment**

**(Plaintiff against Officer Defendants)**

61.     Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

62.     This Count is brought by Plaintiff against all Defendants as identified herein, jointly and severally.

63.     Officer Defendants are sued in their individual capacities.

64.     At all times relevant to this Complaint, Officer Defendants were acting under the color of state law as an officer employed by Defendant PAPD.

65.     Officer Defendants falsely arrested Plaintiff Hanna when, without probable cause to believe that he had committed any criminal offenses, they detained, handcuffed, forcibly arrested, and used excessive force against Plaintiff Hanna.

66.     Officer Defendants intended to harm Plaintiff Hanna when, with excessive force and without probable cause, they caused him to be unlawfully detained, arrested, and charged him with crimes he had not committed.

67.     Officer Defendants conduct was without legal justification and was improperly motivated by ill will and actual malice. There was no proper motivation or legal justification to warrant Plaintiffs' wrongful arrests nor his subsequent false imprisonment.

68.     Officer Defendants acted as PAPD's agents, servants, and/or employees, when they employed excessive force, arrested, and detained Plaintiff Hanna without probable cause to believe that he had committed any criminal offenses.

69.     Officer Defendants' actions or omissions as described herein, were intentional, wanton, willful, malicious, and constituted a blatant and reckless disregard for Plaintiff's constitutionally protected rights, and, as such, Plaintiff is entitled to compensatory and punitive damages from Defendants, individually.

70.     As a direct and proximate result of Officer Defendants' actions or omissions identified herein, Plaintiff sustained physical, emotional, mental, and financial injuries, including, but not limited to, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, and

other expenses. Plaintiff's liberty was deprived without the judgment of his peers or by the law of the land.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor, and against Defendants, jointly and severally, in an amount in excess of $1,000,000.00 in compensatory damages, plus costs and interest, punitive damages, and any other such relief that this Court deems proper.

## COUNT IV

### Malicious prosecution

### (Plaintiff against Defendants)

71.    Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

72.    This Count is brought by Plaintiff against all Defendants identified herein, jointly and severally.

73.    At all times relevant to this Complaint, Defendants were acting under the color of state law.

74.    As described above, the Officer Defendants caused a seizure of Plaintiff without probable cause. There was no legal justification to seize, arrest, and charge him with the crimes alleged.

75.    Each of the Defendants had a reasonable opportunity to prevent this harm but failed to do so when they actively and intentionally fabricated and/or ratified the charges against Plaintiff Hanna, even though they knew or should have known that there was no legal justification for seizing, arresting, and charging Plaintiff Hanna with crimes.

76.     Defendants undertook the misconduct described herein with malicious intent and/or willful indifference to Plaintiff's clearly established constitutional rights.

77.     Defendants accused Plaintiff Hanna of criminal activity knowing those accusations were without probable cause, and despite this knowledge, they made statements to prosecutors with the intent of exerting influence and to institute and continue judicial proceedings against Plaintiff Hanna.

78.     Defendants caused Plaintiff to be subjected improperly to judicial proceedings for which there was no probable cause, resulting in Plaintiff Hanna's injuries.

79.     Officer Defendants knowingly made false statements regarding Plaintiff's alleged culpability despite having actual or constructive knowledge of their falsity.

80.     Defendants were aware that, as described more fully *supra*, no actual or truthful evidence supported the charges against Plaintiff Hanna.

81.     The criminal proceedings were terminated in Plaintiffs' favor on August 24, 2020, when he was found not guilty of the criminal charges filed against him by Defendant Savage.

82.     Defendants' conduct was without legal justification and was improperly motivated by ill will and actual malice. There was no proper motivation or legal justification to warrant the arrest in the first place nor the subsequent malicious prosecution of Plaintiff Hanna.

83.     Officer Defendants' actions or omissions as described herein, were intentional, wanton, willful, malicious, and constituted a blatant and reckless disregard for Plaintiff's constitutionally protected rights, and, as such, Plaintiff is entitled to compensatory and punitive damages from Defendants individually.

84.     Defendant PAPD's ratification of Officer Defendants intentional, wanton, willful, and malicious actions or omissions constitutes a blatant and reckless disregard for Plaintiff's

constitutionally protected rights, and as such, Plaintiff is entitled to compensatory damages from Defendant PAPD.

85.      As a direct and proximate result of Defendants' actions or omissions identified herein, Plaintiff sustained physical, emotional, mental, and financial injuries, including, but not limited to, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, and other expenses. Plaintiff's liberty was deprived without the judgment of his peers or by the law of the land.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor, and against Defendants, jointly and severally, in an amount in excess of $75,000.00 in compensatory damages, plus costs and interest, punitive damages, and any other such relief that this Court deems proper.

### COUNT V

**Maryland Declaration of Rights Article 24**
**Deprivation of Liberty, Excessive Force & Illegal Arrest**

**(Plaintiff against Defendants)**

86.      Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

87.      This Count is brought by Plaintiff against the Defendants as identified herein, jointly and severally.

88.      Officer Defendants identified herein are sued in their individual capacities.

89.      At all times relevant to this Complaint, Defendants were acting under the color of state law.

90.      Defendants violated Plaintiff Hanna's civil rights and due process as set forth in the Maryland State Constitution and the Declaration of Rights, including Article 24. Their actions

were without provocation and without justification and were done with the intent to violate Plaintiff's civil rights.

91.    Officer Defendants falsely arrested Plaintiff when, without probable cause to believe he had committed any criminal offenses, they detained, handcuffed, arrested, and used excessive force against Plaintiff Hanna.

92.    Officer Defendants engaged in intentional acts of misconduct, including illegal detention and arrest, excessive force, and false imprisonment, which violated Plaintiff Hanna's civil rights and due process.

93.    Officer Defendants intended to harm Plaintiff Hanna when, with excessive force and without probable cause, they detained and arrested him and charged him with crimes.

94.    Officer Defendants' actions were without provocation and without justification and were made with the intent to violate the civil rights of Plaintiff Hanna, including those under Article 24 of the Maryland Declaration of Rights.

95.    The force used by Officer Defendants was intentional, excessive, objectively unreasonable, absent any lawful justification or excuse, unconstitutional, and unlawful in the restraint and/or apprehension of Plaintiff Hanna.

96.    Officer Defendants' conduct was without legal justification and was improperly motivated by ill will and actual malice. There was no proper motivation or legal justification to warrant the arrest in the first place nor the subsequent false imprisonment. Officer Defendants engaged in intentional acts of misconduct, including excessive force, and false imprisonment which violated Plaintiff's civil rights and due process.

97.    Officer Defendants acted as Defendant PAPD's agents, servants, and/or employees, when they employed excessive force, arrested, and detained Plaintiff without probable cause to

believe that he had committed any criminal offenses. Further, Officer Defendants employed excessive force when they detained and arrested Plaintiff Hanna without legal basis or justification.

98.     The force used by Officer Defendants was unconstitutional, intentional, excessive, objectively unreasonable, conscience shocking, and absent any lawful justification or excuse. Officer Defendants' conduct lacked any legal rationale, and, as such, Plaintiff is entitled to compensatory and punitive damages from Officer Defendants individually, and from Defendant PAPD under the theory of *respondeat superior* because Defendant PAPD is vicariously liable to Plaintiff for Officer Defendants' violations of his rights under Article 24 of the Maryland Declaration of Rights.

99.     As a direct and proximate result of Defendants' actions or omissions identified herein, Plaintiff Hanna sustained physical, emotional, mental, and financial injuries, including, but not limited to, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, and other expenses. Plaintiff's liberty was deprived without the judgment of his peers or by the law of the land.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor, and against Defendants, jointly and severally, in an amount in excess of $75,000.00 in compensatory damages, plus costs and interest, punitive damages, and any other such relief that this Court deems proper.

## COUNT VI

### Battery

### (Plaintiff against Officer Defendants)

100.    Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

101.    This Count is brought by Plaintiff against the Defendants as identified herein, jointly and severally.

102.    Officer Defendants identified herein are sued in their individual capacities. At all times relevant to this Complaint, Officer Defendants were acting under the color of state law.

103.    Officer Defendants assaulted and battered Plaintiff Hanna when they forcefully grabbed him from behind, slammed him to the ground on his face breaking his jaw bone, tased him, and forcefully detained him. Officer Defendants intended to unlawfully invade Plaintiff Hanna's physical well-being through harmful or offensive contact.

104.    Officer Defendants' conduct was without legal justification and was improperly motivated by ill will and actual malice.

105.    Officer Defendants' intentional actions caused Plaintiff Hanna to be put in reasonable apprehension of immediate touching to which he did not consent.

106.    Plaintiff Hanna was frightened by the unlawful actions of Officer Defendants, including the assault upon Plaintiff.

107.    As a result of these acts, Plaintiff Hanna sustained physical, emotional, mental, and financial injuries, including, but not limited to, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, and other expenses. Plaintiff's liberty and property were deprived without the judgment of his peers or by the law of the land.

**WHEREFORE**, Plaintiff Hanna requests that this Court enter judgment in his favor, and against Defendants, jointly and severally, in an amount in excess of $75,000.00 in compensatory damages, plus costs and interest, punitive damages, and any other such relief that this Court deems proper.

## COUNT VII

### Gross Negligence

### (Plaintiffs against Defendants)

108.    Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

109.    This Count is brought by Plaintiff against the Defendants as identified herein, jointly and severally.

110.    At all times relevant to this Complaint, Defendants were acting under the color of state law.

111.    Defendants had a clear duty to conduct themselves in accordance with the law and Constitutional guarantees, and they had a duty to exercise due care when encountering citizens such as Plaintiffs to avoid causing unlawful physical or mental injury.

112.    However, Defendants breached their duty when they engaged in intentional, willful and wanton misconduct and with a reckless disregard for human life or the rights of Plaintiffs as described *supra*. Defendants intentionally inflicted bodily injury to Plaintiff and acted with utter indifference to Plaintiff's rights and wellbeing.

113.    Defendants' gross negligence proximately caused the injuries that Plaintiffs sustained. All of Plaintiff's injuries were caused solely by the gross negligence of Defendants without any contributory negligence by Plaintiff.

114.    Defendants' conduct was without legal justification and was improperly motivated by ill will and actual malice. Defendants intended to harm Plaintiff Hanna when, with excessive force and without probable cause, they detained, and arrested him.

115. As a result of these acts made with reckless disregard for the consequences to Plaintiff, Plaintiff Hanna sustained physical, emotional, mental, and financial injuries, including, but not limited to, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, and other expenses. Plaintiff's liberty was deprived without the judgment of his peers or by the law of the land.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor, and against Defendants, jointly and severally, in an amount in excess of $75,000.00 in compensatory damages, plus costs and interest, punitive damages, and any other such relief that this Court deems proper.

## COUNT VIII

### Negligent Hiring, Training, Supervision and Retention

### (Plaintiffs against Defendant PAPD)

116. Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

117. This Count is brought by Plaintiff against all Defendants identified herein, jointly and severally.

118. At all times relevant to this Complaint, Defendants were acting under the color of state law.

119. Defendant PAPD maintained a duty to use reasonable care in hiring, training, supervising and retaining individuals who were competent and fit to perform the duties of a police officer.

120. Defendant PAPD knew or should have known that Officer Defendants proved unfit for their assigned duties.

121.    At all relevant times, Defendant PAPD, directly and through its officers and agents had an obligation to ensure that its officers, employees, and agents, exercised the same degree of care that a reasonable and prudent person would exercise in the same or similar situation with respect to the recognition and handling of the obvious circumstances that implicate citizens' constitutional right to be free from unreasonable police force and unreasonable seizures not supported by probable cause..

122.    As identified *supra*, the training, supervision, and oversight required by Defendant BPD regarding the recognition and handling of the obvious circumstances that implicate citizens' constitutional right to be free from unreasonable police force and unreasonable seizures not supported by probable cause was inadequate, insufficient, or nonexistent, and Defendant PAPD, directly and through its employees, agents and officers, failed to exercise the above requisite degree of care in the supervision of all employees, agents, and officers under its direction and control.

123.    Defendant PAPD, through its agents and employees, supervised the Officer Defendants prior to, during, and after the events at issue.

124.    The ranking PAPD officers and supervisors had actual or constructive knowledge of the inadequate training regarding the recognition and handling of the obvious circumstances that implicate citizens' constitutional right to be free from unreasonable police force and unreasonable seizures not supported by probable cause, and that this deficiency posed an unreasonable risk of Constitutional injury to Plaintiffs.

125.    Despite this knowledge, Defendant BPD took no action to prevent or remedy its negligent conduct by properly training Officer Defendants. PAPD was deliberately indifferent to

the obvious constitutional right of its citizen whom would certainly come into contact with PAPD officers whom it directly supervised.

126.    Defendant PAPD knew or should have known that the Officer Defendants would come into contact with the public, including Plaintiff Hanna, thus the risk that Officer Defendants would violate the Constitutional rights of Plaintiff Hanna was foreseeable.

127.    Defendant BPD failed to properly supervise its officers and employees in the recognition and handling of the obvious circumstances that implicate citizens' constitutional right to be free from unreasonable police force and unreasonable seizures not supported by probable cause.

128.    It was readily foreseeable and highly predictable that failing to properly supervise its officers in the recognition and handling of the obvious circumstances that implicate citizens' constitutional right to be free from unreasonable police force and unreasonable seizures not supported by probable cause would, and in fact did, result in the violation of Plaintiff's constitutional rights as alleged herein and Defendant PAPD was indifferent to same.

129.    As a direct and proximate result of Defendant PAPD's actions or omissions identified herein, Plaintiff sustained physical, emotional, mental, and financial injuries, including, but not limited to, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, and other expenses. Plaintiff's liberty was deprived without the judgment of his peers or by the law of the land.

130.    Defendant PAPD and all other officers identified herein subjected Plaintiff to these deprivations of his rights with reckless disregard for or with deliberate indifference to whether Plaintiff's rights would be violated by their actions and that such actions were the moving force in their having such rights violated and incurring his injuries.

131.    Defendant PAPD's actions or omissions as described herein, were intentional, wanton, willful, and a blatant and reckless disregard for Plaintiff's constitutionally protected rights, and, as such, Plaintiff is entitled to compensatory damages from Defendants, jointly and severally.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor, and against Defendants, jointly and severally, in an amount in excess of $75,000.00 in compensatory damages, plus costs and interest, punitive damages, and any other such relief that this Court deems proper.

## COUNT IX

### Indemnification

132.    Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

133.    Under Maryland law, public entities are directed to pay any tort judgment for which their employees are liable within the scope of their employment.

134.    Officer Defendants are employees of Defendant PAPD, and they acted within the scope of their employment and in accordance with accepted custom and usage when they committed the misconduct described herein.

135.    Accordingly, Defendant PAPD is required to indemnify the Officer Defendants against whom judgments are entered in this case.

**WHEREFORE**, Plaintiffs request that this Court enter judgment in their favor, and against Defendants, jointly and severally, in an amount in excess of $1,000,000.00 in compensatory damages, plus costs and interest, and any other such relief that this Court deems proper.

### RELIEF

**WHEREFORE**, as to each count pled, Plaintiff respectfully requests that this court award him:

A.  Judgment in favor of Plaintiff and against Defendants, jointly and severally, finding Defendants liable to Plaintiff;

B.  Award Plaintiff compensatory damages in an amount which exceeds $1,000,0000.00, plus interest and costs in an amount to be determined at trial;

C.  Reimburse Plaintiff all costs paid by Plaintiff or on behalf of Plaintiff in connection with the incident in an amount to be determined at trial;

D.  Award Plaintiff the costs and expenses of this case, including attorneys' fees;

E.  Award Plaintiff pre-judgement and post-judgement interest;

F.  Award Plaintiff punitive damages where applicable, and

G.  Award all other further and general relief as the court deems just and necessary.

Dated: September 8, 2022                    Respectfully submitted,


MURPHY, FALCON & MURPHY

By: /s/ *William H. Murphy, Jr.*
William H. Murphy, Jr. (Bar # 07985)

By: /s/ *Malcolm P. Ruff*
Malcolm P. Ruff (Bar #)

One South Street, 30th Floor
Baltimore, MD 21202
Telephone: (410) 951-8744
Facsimile: (410) 539-6599
Email: billy.murphy@murphyfalcon.com
        malcolm.ruff@murphyfalcon.com

*Attorneys for Plaintiff Don Hanna*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on the issues set forth in this Complaint.


/s/ *Malcolm P. Ruff*
Malcolm P. Ruff